IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| SHANIA PATRICIA CLARK,<br><br>       Plaintiff,<br><br>vs.<br><br>MUNICIPALITY of ANCHORAGE,<br>et al.,<br><br>       Defendants. | Case No. 3:10-cv-00114-JWS<br><br><br>ORDER to AMEND |

On June 1, 2010, Shaina Patricia Clark, a minor attempting to represent herself, signed and filed a civil rights complaint, and moved for a waiver of the filing fee. (Docs. 1, 3). In addition, Shane P. Clark signed the complaint as the father of the minor child. (Doc. 1 at 10, 11).

Shaina Patricia Clark, however, may not represent herself while she is a minor and Shane P. Clark, a non-attorney, may not represent his daughter in court. In *Johns v. County of San Diego*, the Ninth Circuit held that "a parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer."[1] This

---

[1] *Johns v. County of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997) (a guardian or parent may not bring suit in federal court on behalf of a

court's rules provide that only an "attorney admitted to practice as an attorney and counselor at law before the courts of the State of Alaska, is eligible for admission to practice in the United States District Court for the District of Alaska."[2]

The Alaska Supreme Court has explained that "'[a] person may not engage in the practice of law in the state unless the person is licensed to practice law in Alaska and is an active member of the Alaska Bar.'"[3] Mr. Clark does not purport to be an attorney permitted to practice in this court, and is not listed as a member of the Alaska Bar Association.[4] Thus, he may not represent his daughter in this action; instead, Shania Clark must be represented by a licensed attorney.

**IT IS HEREBY ORDERED** that:

1.  The complaint, at docket number 1, is STRICKEN.

---

minor without first retaining an attorney), followed in *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008); *but see Winkelman v. Parma City School District*, 127 S.Ct. 1994, 2004 (2007) (making an exception in IDEA (Individuals with Disabilities Education Act) cases, in which parents who have their own interests may bring claims on their own behalf).

[2] D. Ak. LR 83.1(a)(1) ("[A]ny attorney admitted to practice as an attorney and counselor at law before the courts of the State of Alaska ... is eligible for admission to practice in the United States District Court for the District of Alaska.).

[3] *Christensen v. Melinda*, 857 P.2d 345, 346 (Alaska 1993), citing Alaska Bar Rule 63; *see also* Alaska Rule of Civil Procedure 81(a)(1) ("only attorneys who are members of the Alaska Bar Association shall be entitled to practice in the courts of this state").

[4] *See* www.myalaskabar.org.

2.  Shania Clark will be permitted to file an amended complaint on or before **July 7, 2010**, through an **attorney** permitted to practice before the court; otherwise, this case will be dismissed before service.

3.  No further action will be taken on the pending application to waive the filing fee at docket number 3 until Shania Clark, through counsel, fully complies with this order.

DATED this 9th day of June, 2010, at Anchorage, Alaska.

/s/ JOHN W. SEDWICK
United States District Judge